UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILLIAH GUADALUPE CABRERA,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:12-cv-2419-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and the Commissioner's motion is granted.

I. BACKGROUND

Plaintiff protectively filed for a period of disability and DIB on November 15, 2007, alleging that she had been disabled since October 5, 2007. Administrative Record ("AR") 113. Plaintiff's application was initially denied on February 28, 2008, and upon reconsideration on July 27, 2008. *Id.* at 77-81, 83-87. On November 16, 2009, a hearing was held before administrative law judge ("ALJ") Daniel Heely. *Id.* at 35-71. Plaintiff appeared and represented herself. *Id.* at 38-42. Both plaintiff and a vocational expert testified at the hearing. *Id.* at 35-71.

1

On May 26, 2010, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 21-130. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since October 5, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: esophageal dsymotility, status post multiple hiatal hernia surgeries and history of asthma (20 CFR 404.1520(c)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can sit, stand and/or walk 6 hours in an 8-hour workday with normal breaks, but would have to avoid concentrated exposure to fumes, odors, dusts and poor ventilation.

\* \* \*

6. The claimant is capable of performing past relevant work as an eligibility worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

\* \* \*

7. The claimant has not been under a disability, as defined in the Social Security Act, from October 5, 2007, through the date of this decision (20 CFR 404.1520(f)).

*Id.* at 23-30.

Plaintiff requested that the Appeals Council review the ALJ's decision and on July 26, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-5.[2]

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is

---

[2] The Appeals Council did, however, expand the record with additional evidence. *Id.* at 5.

more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.   ANALYSIS

Plaintiff argues that the ALJ improperly rejected the opinion of consultative examining psychiatrist, Patrick Wong, M.D., and erred in finding that her mental impairment caused no more than minimal limitations. ECF No. 10-1 at 9-14.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1295 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (*e.g.,* supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings

4

1    as a treating physician, but differs only in his or her conclusions, the conclusions of the
2    examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.
3    2007).

4    Here, the ALJ found that plaintiff had no severe mental impairment, and that no mental
5    limitations were warranted in plaintiff's residual functional capacity (RFC) assessment. AR 23-
6    28. In making this determination, the ALJ accorded some weight to the opinion of consultative
7    examining psychiatrist, Dr. Wong, but accorded more weight to the opinions of the State agency
8    psychological consultants. *Id.* at 28.

9    On January 21, 2008, Dr. Wong completed a mental health examination of plaintiff. *Id.* at
10   489-91. Plaintiff reported no history of psychiatric hospitalizations. *Id.* at 489. Upon
11   examination, Dr. Wong noted plaintiff was clean and neat, oriented in all spheres with no
12   fluctuation of consciousness, socially appropriate, animated and conscientious, and detail
13   oriented. *Id.* at 490. He reported that plaintiff had a tense affect and mildly depressed mood, but
14   clear, coherent and fluent speech, linear and well organized thought form, intact fund of
15   knowledge, good insight and judgment, coherent and logical responses, and intact attention,
16   concentration, and memory. *Id.* Dr. Wong diagnosed major depression and reported that plaintiff
17   had mild to moderate depressive symptoms in partial remission. *Id.* at 490-91. Dr. Wong opined
18   that plaintiff had minimal limitation in her ability to carry out complex and simple instructions
19   and mild impairment in her ability to relate to the public and co-workers and to take instructions
20   from a supervisor. *Id.* at 491. He opined, however, that plaintiff's probability of functional
21   deterioration was extremely high and that her ability to adapt to changes in a workplace was
22   moderately to seriously impaired. *Id.* Dr. Wong noted that plaintiff had recurrent depression
23   with a low stress tolerance, and that she had "major depressive episodes seemingly provoked
24   when the combination of work and health problems [got] too stressful for her." *Id.*

25   The ALJ found that Dr. Wong's essentially normal mental status evaluation was
26   consistent with the other evidence of record and supported a finding that plaintiff had no severe
27   mental impairment, and no mental functional limitations. *Id.* at 24, 28. However, the ALJ found
28   that Dr. Wong's opinion that plaintiff had a high probability of functional deterioration and

5

moderate to serious impairment in her ability to adapt to changes in the workplace was based entirely on plaintiff's subjective allegations, which the ALJ found not fully credible.[3] The ALJ also found that plaintiff's subjective allegations were inconsistent with the treating notes of Dr. Michael Smith, her treating psychiatrist, and the fact that she had no psychiatric hospitalizations attributable to an inability to adapt to workplace changes. *Id.* at 28. For these reasons, the ALJ afforded only "some weight" to Dr. Wong's opinion. *Id.*

Plaintiff argues that the ALJ's reasons for not fully crediting Dr. Wong's opinion are not specific and legitimate and are not supported by substantial evidence.[4] ECF No. 10-1 at 9-12. Plaintiff first contends that the ALJ erred in assuming that Dr. Wong's opinion relied entirely on plaintiff's subjective allegations, stating that the ALJ "has no way of knowing that this is true without contacting Dr. Wong and asking him the basis for his opinion." *Id.* at 10. However, Dr. Wong referred to plaintiff's own complaints of recurrent depression and inability to tolerate stress in concluding that she has a high probability of functional deterioration and that her ability to adapt to workplace changes was moderately impaired. *See* AR 489-91. Thus, there is substantial evidence to support the ALJ's finding that the opinion relied on plaintiff's subjective allegations. *See also Esposito v. Astrue*, No. CIV S-10-2862 EFB, 2012 U.S. Dist. LEXIS 41167, at *19-20 (E.D. Cal. 2012) (noting that "the practice of psychology depends, at least in part, on the subjective complaints of the patient.").

In addition, the ALJ found that plaintiff's subjective allegations were "inconsistent with the treating notes from [plaintiff's] psychiatrist, Dr. Michael Smith, which shows that [plaintiff's] depression was well controlled with a combination of medication and therapy." AR 28. Plaintiff argues that Dr. Smith's records cannot support the conclusion that her depression was well-

---

[3] Plaintiff acknowledges that she makes no "separate argument . . . on the basis of credibility," but suggests that this does not mean that she "agrees . . . [with] the ALJ's adverse credibility finding." ECF No. 10-1 at 2 n.2. Whether she agrees or not, she has plainly waived any argument as to this point. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

[4] This argument, however, is silent as to the whether the ALJ's reference to plaintiff's lack of psychiatric hospitalizations was properly considered in assessing Dr. Wong's opinion and the inconsistencies between plaintiff's allegations and Dr. Smith's notes.

1    controlled on medication.  ECF No. 10-1 at 11.  This argument is not well-taken.  Dr. Smith noted
2    that plaintiff had not taken medication from 2005 to 2007, but had done "good."  AR 503.  He
3    also noted that plaintiff was previously prescribed Prozac and Effexor which "work[ed] for
4    awhile."  *Id.*  Dr. Smith also noted that plaintiff was "very comfortable" with therapy and
5    considered her mental status to be "good."  *Id.*  Following his March 2008 examination of
6    plaintiff, he noted that she could focus, that she was concise and pleasant, and in a good mood.
7    *Id.* at 500.  He diagnosed her with depression and indicated her treatment plan included a partial
8    program of medication and individual therapy.  *Id.*   In April 2008, Dr. Smith reported that
9    plaintiff's mental status was "much better," that her treatment plan was supportive, and that she
10   might return to work part-time.  *Id.* at 501.  It was reasonable for the ALJ to interpret Dr. Smith's
11   notes as showing that plaintiff's depression was well-controlled with a combination of medication
12   and therapy.  Thus, this portion of the ALJ's decision was also supported by substantial evidence.
13   *See also* 20 C.F.R. § 404.1527(c)(2) (Generally, more weight is given to treating source opinions
14   since these sources are likely able to provide a detailed, longitudinal picture of your medical
15   impairment).

16          It is sufficient for the ALJ to reject a medical opinion if it is premised primarily on
17   plaintiff's subjective complaints and the ALJ properly discounts plaintiff's credibility.
18   *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  The ALJ properly found that
19   portions of Dr. Wong's opinion were based on plaintiff's subjective complaints, which were
20   inconsistent with the records of her treating psychiatrist, and plaintiff does not contend that the
21   ALJ failed to properly discount her credibility.  For these reasons, the ALJ did not err in failing to
22   fully credit Dr. Wong's opinion.

23          As noted, the ALJ also concluded that plaintiff had only mild limitations due to her mental
24   impairment.  Plaintiff contends this finding is not supported by substantial evidence, arguing that
25   the ALJ ignored some of her own testimony (which the ALJ found was not credible), as well as
26   the portions of Dr. Wong's opinion that the ALJ properly assigned only some weight.  ECF No.
27   10-1 at 12-14.  Plaintiff's argument lacks merit, as the ALJ relied heavily on the record in
28   assessing plaintiff's limitations in her activities of daily living, social functioning, concentration,

persistence, or pace, and episodes of decompensation, all of which supported his finding that plaintiff had no severe mental impairment.

As the ALJ pointed out, plaintiff reported that she sometimes did not feel like getting dressed or showering for days at a time, but said she could drive, take care of pets, prepare simple meals, and do housework, including the laundry, ironing, and cleaning the kitchen and the master bathroom.  AR 23-24.  Plaintiff also testified that she picked up her great niece from daycare three times a week and spent time with her for a couple hours, played computer games and rode a motorcycle with her husband.  *Id.* at 24.  With respect to social functioning, plaintiff alleged that she had become unsure of herself and was uncomfortable being around a lot of people.  *Id.*  As the ALJ noted, however, plaintiff also reported that she talked to her family members often, visited her grandsons at least twice a month, spent time with her great niece, went riding with her husband on a motorcycle once a month, enjoyed gambling, and usually got along with family, friends, neighbors, or others.  *Id.*  The ALJ also found that despite her allegations that she became very agitated, stressed easily, and had difficulty handling changes in routine or finishing what she started, she said she could follow instructions.  *Id.*  Moreover, Dr. Wong's evaluation confirmed that plaintiff had intact attention and concentration.  *Id.*  Finally, despite her allegation of having a history of breakdowns at work, the ALJ found plaintiff had no history of psychiatric hospitalizations.  *Id.*  The ALJ also accorded substantial weight to the opinion of the State agency psychologists, who opined that plaintiff's depression was non-severe, which the ALJ found was consistent with the record.  *Id.* at 28.  For these reasons, the ALJ's finding that plaintiff had no severe mental impairment nor any mental functional limitation was supported by substantial evidence in the record.

IV.    CONCLUSION

The ALJ applied the proper legal standards and supported his decision with substantial evidence.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

/////

1  3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 27, 2014.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9